# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| HUEY WALTERS and § <br> PAMELA WALTERS § <br> § <br> v. § <br> § <br> METROPOLITAN LLOYDS INSURANCE § <br> COMPANY OF TEXAS and § <br> CHRISTOPHER BUCHANAN § | CASE NO. 4:16-CV-307 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Remand (Dkt. #11). Having considered the relevant pleadings, the Court is of the opinion that this motion should be denied.

### BACKGROUND

This is an insurance claim dispute arising out of a claim for hail and wind storm damages to Plaintiffs Huey and Pamela Walters' residence that were sustained on or about April 3, 2014, in Denton County, Texas. Plaintiffs made a claim on June 4, 2014, against their Texas Homeowners' Insurance Policy (the "Policy") which was issued by Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"). Metropolitan assigned Defendant Christopher Buchanan ("Buchanan") as the individual adjuster on the claim.

On April 1, 2016, Plaintiffs filed suit in the 442nd judicial district court of Denton County, Texas against Metropolitan for breach of contract, breach of the duty of good faith and fair dealing, violations under Chapters 541 and 542 of the Texas Insurance Code, and for fraud and conspiracy to commit fraud. As against Buchanan, Plaintiffs brought claims for violations of Chapter 541 of the Texas Insurance Code and for fraud and conspiracy to commit fraud.

On May 10, 2016, Metropolitan filed its Notice of Removal. Metropolitan asserts that this Court has diversity jurisdiction and that Buchanan was improperly joined to destroy diversity jurisdiction.

On June 10, 2016, Plaintiffs filed a motion to remand (Dkt. #11). On June 29, 2016, Metropolitan filed a response (Dkt. #14). On July 8, 2016, Plaintiffs filed a reply (Dkt. #17).

It is undisputed that Plaintiffs and Metroplitan are diverse and that the amount in controversy exceeds $75,000. The only question is whether Buchanan, a Texas citizen, was improperly joined to defeat diversity jurisdiction.

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. Civ. A. H–10–1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct.1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse

2

citizenship of an improperly joined defendant." *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09–CV–142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Trust*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the Court resolves all disputed questions of fact and all ambiguities in controlling state law in favor of the plaintiff, the Court determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Id.* (citation omitted). If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* (citation omitted). This possibility must be reasonable and not just theoretical. *Id.*

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183

n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The Court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch* 491 F.3d at 284. However, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74; *Guillory*, 434 F.3d at 311.

"In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *see Guillory*, 434 F.3d at 308-09. "If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham…and is not fraudulent in fact or in law." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A Dec. 1981) (citation omitted). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder," and the case must be remanded for lack of diversity. *Great Plains Tr.*, 313 F.3d at 312 (citation omitted); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res. Inc.*, 99 F.3d 746, 751 (5th Cir. 1996).

4

## ANALYSIS

A defendant alleging improper joinder has the heavy burden of demonstrating either (1) actual fraud in the pleading of jurisdictional facts or (2) the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006). Under the second prong, which provides the relevant inquiry in this case, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to recover against the in-state defendant. *See Smallwood*, 385 F.3d at 573. The question for the Court is whether Metropolitan has shown that Plaintiffs have *no possibility* of establishing a valid cause of action against the non-diverse defendant, Buchanan.

First, the Court must decide which standard to apply in the examination of Plaintiffs' state court petition. Although this Court has applied the federal pleading standard in addressing the question of improper joinder in past decisions, other courts applied the lesser state court standard. The Fifth Circuit recently clarified that the federal pleading sufficiency standard applies to analyzing improper joinder. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

Metropolitan correctly asserts that under Texas law an insured may have a valid cause of action against an insurance adjuster under the proper circumstances, but only if sufficient facts exist and are pleaded involving allegedly harmful conduct by that adjuster toward Plaintiffs. Texas law does permit adjusters like Buchanan to be held individually liable for violations of the Texas Insurance Code. *See* Tex. Ins. Code § 541.002(2) (defining "person" to include "adjuster"); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004). But for an adjuster to be held

5

individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage.

There are no such allegations in this case. Plaintiffs' Petition alleges only that the Plaintiffs were insured by Metropolitan, that their insured property was damaged by wind or hail in April of 2014, that they submitted a claim for that damage to Metropolitan, that Metropolitan utilized Defendant Buchanan to investigate the claim, and general allegations that Buchanan was inadequately trained and failed to thoroughly investigate, conducted an outcome-oriented investigation, made misrepresentations and omissions and unfairly investigated the claim. Plaintiffs allege only boilerplate allegations that Buchanan was "improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages," and utilized "unfair settlement practices." No additional facts are alleged. Metropolitan asserts that Plaintiffs vaguely allege that it and Buchanan made negligent misrepresentations, but Plaintiffs fail to specify a single alleged misrepresentation in either their Original Petition or Motion to Remand. There are no factual allegations of misconduct on the part of Buchanan. The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage. General allegations that Buchanan's investigation caused Plaintiffs harm because it resulted in an underevaluation of the claims is not sufficient because there are no factual allegations of independent conduct on Buchanan's part which caused any harm.

The Court agrees that Plaintiffs' allegations against Buchanan have no basis in law or fact, and finds that Plaintiffs have no possibility of establishing a valid cause of action against Buchanan. Plaintiffs simply do not have plausible claims against Buchanan. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014).

Based upon the state court petition, the Court finds no facts that would make any of Plaintiffs' claims plausible against Buchanan, and Plaintiffs' reply fails to contest or explain how any of the claims asserted could be plausible. Plaintiffs have not presented a reasonable basis to predict that they could recover against Buchanan for the claims asserted. Buchanan, therefore, was improperly joined, and Metropolitan has met its burden. Thus, the removal to federal court on the basis of diversity jurisdiction was appropriate, and Plaintiffs' Motion to Remand should be denied.[1]

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #11) is hereby **DENIED** and Christopher Buchanan is hereby **DISMISSED**.

**SIGNED this 14th day of July, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] This decision is consistent with this Court's prior decision addressing asserted claims against an adjuster. *See Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2014 WL 234352 (E.D. Tex. Jan. 21, 2014.